### EVANS v. SOUTHERN TIER MASONIC RELIEF ASS'N.

(Supreme Court, Appellate Division, Third Department. May 11, 1904.)

1. JUDGMENT—CONFORMITY TO PLEADINGS—AMOUNT.

In an action on an insurance certificate, where plaintiff established her right to a portion of the amount of the certificate counted on in her complaint, a judgment, though for a less amount than the face of the certificate, was within the issues made by the pleadings.

2. INSURANCE—MUTUAL COMPANIES—CHANGE OF BY-LAWS—EFFECT ON INSURED.

Where an applicant for insurance in a mutual company agreed in his application, which was made a part of the contract, to conform in all re-

spects to the by-laws and regulations of the association then in force, or which might thereafter be adopted, although his contract could not be changed by subsequent by-laws at the whim of the association, yet, where the change in by-laws was essential to the very life of the association, it was not one at its whim, and was one consented to by the applicant.

Parker, P. J., and Houghton, J., dissenting.

Appeal from Special Term.

Action by Martha Evans, as administratrix of Eliza J. Evans, deceased, against the Southern Tier Masonic Relief Association. From a judgment for plaintiff, defendant appeals, and plaintiff prosecutes a cross-appeal. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Erwin J. Baldwin, for plaintiff.
Reynolds, Stanchfield & Collin, for defendant.

SMITH, J. Upon a former trial of this action the plaintiff recovered a judgment for the full amount of an insurance certificate in the defendant association. 78 N. Y. Supp. 611. Upon appeal we reversed the judgment therein rendered, holding that the certificate of membership or insurance was subject to a subsequent by-law under which the plaintiff was entitled only to the sum of $340. The case has been retried in accordance with our decision then rendered, and judgment rendered for the plaintiff for the sum of $340, with interest and costs. The plaintiff appeals upon the ground that she was entitled to the full amount of her certificate to wit, $1,000, with the accrued interest. The defendant appeals upon the ground that the plaintiff's recovery is not authorized by her pleading.

We are of opinion that the defendant's appeal cannot prevail. The plaintiff has established a right to part of the moneys claimed in her complaint upon the certificate therein set forth. The judgment is fairly within the issues made by the pleadings.

Upon the plaintiff's appeal it is strongly urged that since our former decision the Court of Appeals has expressly held in a number of cases that the original contract of insurance cannot be varied by a subsequent amendment to the by-laws, and that such subsequent amendment is ineffectual to take away vested rights from a certificate holder. It can hardly be claimed, however, where rights under an insurance contract are made subject to modification thereafter by amendment to the by-laws, that such rights are vested rights which would be infringed by such amendment. In the case at bar, in the application for insurance which is made a part of the contract, the applicant agreed "to conform in all respects to the by-laws, rules and regulations of the above-named association now in force, or which may hereafter be adopted by the same or its board of directors." The by-laws provide the method of assessment, and define the rights of the certificate holder. Upon the construction of this contract we have no controversy with the Court of Appeals that the applicant is not presumed to have intended to agree that his contract might be changed by subsequent by-laws at the whim of the association. Where, however, the association, which is a mutual insurance company, has come to a point where the procedure then pre-

scribed by the by-laws leads to certain destruction, a change in the by-laws that shall be fair to all—one essential to the very life of the corporation itself—is not a change subject to the whim of the corporation, and is a change, we think, fairly consented to by the agreement in the application for insurance to conform to the by-laws which might thereafter be adopted. Such, we think, was the nature of the change made by the by-laws of 1892. If power to make such change be denied to the corporation, it has not, under its certificate, the right to preserve its life. If, in 1892, when this change was made, the by-laws had remained unchanged, it is fairly inferable that at the time of the death of Evans, under whom the plaintiff claims, there would have been no defendant corporation to answer to her complaint. By the change made, the corporation has survived; new members have been acquired, who have contributed to the fund for which judgment is hereby rendered. The change has apparently saved to the plaintiff the small judgment which she has secured, and the judgment rendered respects all equitable rights of others who have joined the defendant company since the amendment to the by-laws, and those who, although members prior thereto, have become bound by the present system by acquiescence.

We think the judgment, therefore, should be affirmed, without costs of the appeal to either party.

Judgment affirmed, without costs. All concur, except PARKER, P. J., and HOUGHTON, J., who dissent.